Tamaz JINJOLIA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70135.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2006.

Decided July 3, 2006.

Michele Mack Liedeker, Law Office of Michele Mack Liedeker, Berkeley, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Shahira M. Tadross, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, HUG, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM *

Tamaz Jinjolia, a Jewish native of Georgia, petitions for review of the Board of Immigration Appeal's ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Because the BIA affirmed without opinion, we review the IJ's decision. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). The facts are known to the parties and are not repeated here.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The IJ determined Jinjolia to be credible but found him ineligible for asylum because he had established neither past persecution nor a well-founded fear of future persecution.[1] We review the IJ's findings for substantial evidence. *Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir. 2002).

■ As proof of past persecution, Jinjolia describes the discrimination and mistreatment suffered at the hands of native Georgians throughout his life because he is Jewish. Persecution, however, "is an extreme concept [that] does not include every sort of treatment that our society regards as offensive." *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004) (citation and internal quotation marks omitted) (alteration in original). Indeed, it "ordinarily does not include [d]iscrimination on the basis of race or religion, as morally reprehensible as it may be." *Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996) (citation and internal quotation marks omitted) (alteration in original); *see also Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998). Jinjolia recalls one incident in 1992 in which two soldiers hit him and stole goods from him, but we held that a finding of past persecution was not compelled in a similar case, *Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995), in which an asylum applicant testified to being detained and hit and kicked on account of his political opinions.

■ Jinjolia also claims persecution based on his problems with a tax inspector who was extorting money from Jinjolia's business. But persecution must be "committed either by the government or by forces that the government was unable or unwilling to control." *Gormley,* 364 F.3d at 1177. While the tax inspector was a government official, the government took direct action following Jinjolia's complaint, organizing a sting operation that ended the extortion. In addition, the tax inspector responsible was fired from his government position. Although Jinjolia was physically attacked after the successful sting operation, and his business was later burned to the ground, "[p]urely personal retribution is . . . not persecution." *Grava v. INS,* 205 F.3d 1177, 1181 n. 3 (9th Cir.2000) (stating that "retaliation completely untethered to a governmental system does not afford a basis for asylum").

We cannot therefore say that a finding of past persecution was compelled in this case. Neither can we say that Jinjolia provided evidence sufficient to compel a finding that he had an objectively-reasonable, well-founded fear of future persecution. *See De Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997). His evidence of Georgian anti-Semitism does not show "a pattern of persecution closely tied to the petitioner." *Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991).

Moreover, the IJ found that Jinjolia had failed to produce evidence that he could not relocate within Georgia. *See* 8 C.F.R. § 1208.13(b)(2)(ii). Jinjolia testified only that he was afraid that the extortionist tax inspector would find him wherever he went and that "[Georgia] is a corrupted country." Such evidence is insufficient to compel a finding that Jinjolia could not relocate.

The petition for review is DENIED.

---

1. Jinjolia waived his withholding of removal and CAT claims because he failed to argue them in his opening brief. *See Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994).